UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER BENSON<br>405 Rosewood Ave.<br>Feasterville, PA  19053<br><br>Plaintiffs<br><br>vs.<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>1 State Farm Plaza<br>Bloomington, IL 61710<br><br>Defendant | DOCKET NO.<br><br>CIVIL ACTION COMPLAINT |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Christopher Benson (hereinafter referred to as "Plaintiff"), is an adult, individual and citizen of the Commonwealth of Pennsylvania, residing at 405 Rosewood Avenue, Feasterville, PA  19053.

2. Defendant State Farm Mutual Automobile Insurance Company (hereinafter referred to as "Defendant" or "State Farm") is, upon information and belief, a corporation or other entity existing under and by virtue of the laws of the State of Illinois with an address at 1 State Farm Plaza, Bloomington, IL 61710.

## ALLEGATIONS OF JURISDICTION AND VENUE

3. Jurisdiction in this matter is based upon diversity of citizenship in accordance with 28 U.S.C. Section 1332.

4. The Plaintiff is seeking damages in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

5. The Plaintiff is a citizen of the Commonwealth of Pennsylvania.

6. The Defendant is a citizen of the State of Illinois.

7. The motor vehicle accident at issue in this lawsuit occurred in Lower Southampton Township, Bucks County, Pennsylvania.

8. The United States District Court for the Eastern District of Pennsylvania encompasses the County of Bucks.

9. Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. Section 1391(a).

## OPERATIVE FACTS

10. At all times material hereto, Plaintiff was insured with State Farm, with One Hundred Thousand ($100,000) Dollars of Underinsured Insured Motorist ("UIM") benefits, under policy 524 7289-A24-38A.

11. A copy of the State Farm Declaration Page is attached hereto as Exhibit "A."

12. Plaintiff is not in possession of a copy of the entire State Farm policy at issue.

13. Upon information and belief, State Farm is in possession of a copy of the policy at issue.

14. On Sunday, June 16, 2024, at or about 11:30 a.m., a collision occurred between vehicles operated and owned by Plaintiff and Robert Sykes, at the intersection of E. Pine Street and Hickory Avenue in Lower Southampton Township, Bucks County, Pennsylvani, which was controlled by stop signs in all directions.

15. Plaintiff was traveling west on E. Pine Street and stopped at the stop sign, allowing a pedestrian to cross in front of him.

16. Plaintiff then attempted to turn left onto Hickory Avenue and was struck on the passenger side by Mr. Sykes' vehicle after Mr. Sykes ran a stop sign at high speed, while impaired.

17. The collision caused defendant's vehicle to roll over and strike a third vehicle parked in a driveway.

18. Before the collision, Mr. Sykes was observed by police operating his vehicle in a reckless manner on Brownsville Road, and police were attempting to locate him.

19. It is believed and therefore averred that Mr. Sykes' careless, negligent and reckless actions were a result of his impairment and effort to evade the police given his criminal history.

20. Mr. Sykes was arrested for numerous violations including operation of a vehicle in willful and wanton disregard for safety of persons and property, illegal drug use, speeding and running a stop sign.

21. Mr. Sykes pleaded guilty to Driving Under the Influence, Intentional Possession of a Controlled Substance and careless driving.

22. Plaintiff was injured in the crash at issue.

23. In an effort to cure the injuries sustained in this crash, Mr. Benson treated with Lynn Yang, M.D. of MRCP.

24. Dr. Yang diagnosed cervical strain/sprain with radiculopathy bilaterally to the 4th and 5th fingers, thoracic sprain/strain and anxiety.

25. Dr. Yang referred Mr. Benson for cervical and thoracic MRI performed on August 13, 2024. These studies demonstrated a left lateral osteophyte complex causing stenosis at C5-6 and a paramedian lateral annular bulge at C6-7 causing right foraminal stenosis. Continued treatment was recommended.

26. Dr. Yang referred Mr. Benson to an orthopedic surgeon, Douglas Sutton, M.D. at Jefferson Orthopedics Bucks and to a pain management specialist, Simon Galapo, M.D.

27. Both specialists previously treated Mr. Benson's low back in 2022.

28. Dr. Sutton confirmed cervical thoracic lumbar strain, degenerative disc disease of the cervical thoracic and lumbar spine as well as spinal stenosis with radiculopathy. He suggested a transforaminal epidural steroid injection at L5-S1 and evaluation of the cervical and thoracic issues by the pain management specialist, Simon Galapo, M.D. at Independence Pain.

29. Dr. Galapo initially saw Mr. Benson after this accident on January 20, 2025. He administered fluoroscopically guided cervical facet medial branch block injections at multiple levels to relieve mid neck pain with a short acting anesthetic to evaluate efficacy.

30. On February 17, 2025, he administered bilateral cervical facet medial branch block rhizotomies at C4-5 and C5-6.

31. On March 18, 2025, Dr. Galapo administered thoracic facet medial branch block injections at T12-L1 and L1-L2 to address mid and lower back pain with a shorter acting anesthetic to determine efficacy.

32. On April 14, Dr. Galapo addressed the right lower and mid back pain via repeat mid T12-L1 and L1-L2 cervical facet block injections with longer-acting anesthetic.

33. Most recently, Dr. Galapo administered epidural steroid injections to the left at the L5-S1 and S1 joints on May 15, 2025.

34. Mr. Benson has been informed that he will require continued ongoing pain management care to address issues relating to injuries caused by this accident involving his neck, upper and mid back as well as continued care of the lumbar injury.

35. Plaintiff brought suit against Mr. Sykes in the Court of Common Pleas of Bucks County, Docket No. 2025-06235.

36. At the time of the crash Mr. Sykes had a policy of liability insurance with the Main Street America Protection Insurance Company, maintaining $100,000.00 of liability coverage.

37. Plaintiff settled his third-party lawsuit against Mr. Benson with State Farm's approval and with State Farm waiving subrogation.

38. State Farm has been on notice of the Plaintiffs' claims for UIM benefits since November 4, 2024

39. State Farm was provided with Plaintiff's medical records on November 10, 2025.

40. Despite being placed on notice of the claim for UIM benefits, and despite being on notice that Mr. Sykes' liability limits were woefully inadequate to compensate Plaintiff for the injuries caused by in the crash described above, State Farm has not offered sufficient UIM benefits or compensation to Plaintiff for the serious, permanent, and disabling injuries she sustained in the crash described above.

41. Plaintiff, through his counsel, has released any and all medical records in his possession regarding this crash and his injuries, but State Farm has still not fully compensated Plaintiff for the injuries she sustained in the above-referenced crash.

42. The Plaintiff has at any and all times material hereto, complied with the applicable provision of the State Farm policy at issue yet State Farm still refuses to fairly and appropriately compensate the Plaintiff for the injuries and damages he sustained as a result of the crash.

## COUNT I – BREACH OF CONTRACT
## <u>CHRISTOPHER BENSON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY</u>

43. The preceding paragraphs are incorporated by reference as if fully set forth herein.

44. Plaintiff was, at all times material hereto, an insured under the State Farm policy of insurance described above and as evidenced by the declaration page attached hereto as Exhibit A.

45. Plaintiff complied with all policy provisions and conditions precedent that entitled him to UIM benefits under the State Farm policy described above,

46. State Farm breached its contract of insurance with its insured, the Plaintiff, by, *inter alia*, failing to properly compensate the Plaintiff for his injuries and damages.

47. State Farm breached its contract of insurance with its insured, the Plaintiff, by, *inter alia*, failing to properly evaluate his claim, investigate his claim, and to compensate him pursuant to the State Farm policy.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount sufficient to reasonably and properly compensate him in accordance with all applicable state laws, together with interests, costs and any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

SMITH MIRABELLA BLAKE

By: _____
BRIAN A. WALL, JR., ESQUIRE
KEVIN M. BLAKE, ESQUIRE
Identification No.: ##52592/77979

100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 422-4100
gsmith@smblawfirm.com/kblake@smblawfirm.com

Date:  December 16, 2025

**EXHIBIT A**

State Farm Mutual Automobile Insurance Company

PO Box 2358
Bloomington IL 61702-2358

NAMED INSURED
AT2    38-6208-2  A    A
002836 0058
BENSON, CHRISTOPHER
405 ROSEWOOD AVE
FSTRVL TRVOSE PA  19053-4247

39193-2-A    MUTL  VOL

**DECLARATIONS PAGE**

NAIC# 25178    PAGE 1 OF 2

POLICY NUMBER  524 7289-A24-38A

POLICY PERIOD DEC 08 2022 to JUL 24 2023
12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
1317413913

AGENT
DAN BEELER
2021 BRIDGETOWN PIKE
FSTRVL TRVOSE, PA 19053-7202

PHONE: (215)322-0900

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.
IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSED.**

### YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|
| 2017 | RAM | 1500 | PICKUP | 1C6RR7JT9HS559858 | 603H301000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---|---|---|
| A | Liability Coverage | $525.45 |
|   | Bodily Injury Limits | |
|   | Each Person,   Each Accident | |
|   | $100,000        $300,000 | |
|   | Property Damage Limit | |
|   | Each Accident | |
|   | $50,000 | |
| C2 | Medical Payments Coverage | $69.92 |
|   | Limit - Each Person | |
|   | $5,000 | |
| D | Comprehensive Coverage - $500 Deductible | $67.89 |
| G | Collision Coverage - $500 Deductible | $388.86 |
| H | Emergency Road Service Coverage | $3.52 |
| R1 | Car Rental and Travel Expenses Coverage | $26.95 |
|   | Limit - Car Rental Expense | |
|   | Each Day,   Each Loss | |
|   | 80%         $1,000 | |
| U3 | Uninsured Motor Vehicle Coverage | $11.34 |
|   | Bodily Injury Limits | |
|   | Each Person,   Each Accident | |
|   | $100,000        $300,000 | |
|   | W3 | Underinsured Motor Vehicle Coverage | $107.55 |
|   | Bodily Injury Limits | |
|   | Each Person,   Each Accident | |
|   | $100,000        $300,000 | |

\* Total premium for DEC 08 2022 to JUL 24 2023.    $1,201.48    This is not a bill.

**IMPORTANT MESSAGES**

Replaced policy number 5247289-38.

**Your total renewal premium for JAN 24 2023 to JUL 24 2023 is $971.76.**

**\* The total premium listed above reflects a recent change to your policy and the 6 month renewal premium.**

Refer to the Drive Safe & Save (TM) Insert for information about an important program for which you may be eligible.

State Farm works hard to offer you the best combination of price, service, and protection.  The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

You have the right to request, no more than once during a 12-month period, that your policy be re-rated using a current credit-based insurance score. The resulting impact due to the credit portion of the re-rated insurance score will not increase your premium; however, your overall premium may decrease, remain the same, or increase due to other factors impacting your total premium.

CONTINUED

See Reverse Side

This policy is issued by State Farm Mutual Automobile Insurance Company.

**MUTUAL CONDITIONS**

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yourell*
Secretary

*Michael Tipsord*
President

B10

State Farm Mutual Automobile Insurance Company          39193-2-A          MUTL   VOL

PO Box 2358
Bloomington IL 61702-2358

**DECLARATIONS PAGE**

NAIC# 25178          PAGE 2 OF 2

POLICY NUMBER   524 7289-A24-38A

POLICY PERIOD DEC 08 2022 to JUL 24 2023
12:01 A.M. Standard Time

NAMED INSURED  002836 0058          38-6208-2  A     A
BENSON, CHRISTOPHER
405 ROSEWOOD AVE
FSTRVL TRVOSE PA   19053-4247

STATE FARM PAYMENT PLAN NUMBER
1317413913

**EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS** (See policy booklet & individual endorsements for coverage details.)

```
YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET -
FORM 9838A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.
6126LN      AMENDATORY ENDORSEMENT.
6126MT      AMENDATORY ENDORSEMENT.
6126MV      AMENDATORY ENDORSEMENT.
6128DM      AMENDATORY ENDORSEMENT.
6938A.1     AMENDATORY ENDORSEMENT.
THIS POLICY PROVIDES FULL TORT OPTION.
```

Agent:       DAN BEELER
Telephone:  (215)322-0900
Prepared    DEC 12 2022          6208-BD0

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yousell*
Secretary

*Michael F. Tipson*
President

B10

**6126LN AMENDATORY ENDORSEMENT**

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **THIS POLICY**

   The following is added (this replaces item 1. of endorsement 6938A.1):

   5. *Your* purchase of this policy may allow:

      a. *you* to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the *State Farm Companies*, subject to their applicable eligibility rules; or

      b. the premium or price for other: (1) insurance; (2) financial; (3) vehicle; (4) home; (5) electronic; or (6) travel products or services purchased by *you*, including non-insurance products or services, to vary. Such other products or services must be provided by the *State Farm Companies* or by an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

2. **LIABILITY COVERAGE**

   **Insuring Agreement** and **Supplementary Payments** are replaced by the following:

   **Insuring Agreement**

   1. *We* will pay damages an *insured* becomes legally liable to pay because of:

      a. *bodily injury* to others; and

      b. damage to property

   caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

   2. *We* have the right to:

      a. investigate, negotiate, and settle any claim or lawsuit;

      b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

      c. appeal any award or legal decision for damages payable under this policy's Liability Coverage.

   **Supplementary Payments**

   *We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

   1. Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages. *We* have no duty to pay attorney fees incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

   2. Court costs awarded by the court against an *insured* and resulting from that part of the lawsuit:

      a. that seeks damages payable under this policy's Liability Coverage; and

      b. against which *we* defend an *insured* with attorneys chosen by *us*.

      *We* have no duty to pay court costs incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

   3. Interest the *insured* is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

      a. before a judgment, but only the interest on the lesser of:

         (1) that part of the damages *we* pay; or

         (2) this policy's applicable Liability Coverage limit; and

      b. after a judgment.

      *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. *We* also have no duty to pay interest that accrues on any damages paid or payable by a party other than the *insured* or *us*;

   4. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

      a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

      b. furnish or apply for any bonds; or

      c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and

   5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

      a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request: (1) an arbitration; (2) a mediation; or (3) a trial of a lawsuit; and

      b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

      The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

3. **GENERAL TERMS**

   a. The following is added to 2. **Where Coverage Applies**:

      Death, Dismemberment and Loss of Sight Coverage applies worldwide.

   b. The following is added (this replaces item 5.a. of endorsement 6939A.1):

      **Limited Coverage in Mexico**

      This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If *you* or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

      Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages:

      a. **Liability Coverage**

      b. **Medical Payments Coverage; Extraordinary Medical Payments Coverage; Loss of Income Coverage; Funeral Benefits Coverage**

      c. **Physical Damage Coverages**

      Any amount payable for the repair or replacement of the *covered vehicle* under this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

Page 1 of 3        6126LN
©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

Page 2 of 3        6126LN
©, Copyright, State Farm Mutual Automobile Insurance Company, 2011





Policy Number: 524 7289-A24-38A

PLEASE ATTACH TO YOUR POLICY BOOKLET

All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

c. Item c. of 5. **Premium** is changed to read:
  c. The premium for this policy may vary based upon:
    (1) the purchase of other products or services from the *State Farm Companies*;
    (2) the purchase of products or services from an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or
    (3) an agreement, concerning the insurance provided by this policy, that the *State Farm Companies* has with an organization of which *you* are a member, employee, subscriber, licensee, or franchisee.

Page 3 of 3
©, Copyright, State Farm Mutual Automobile Insurance Company, 2011          6126LN

## 6126MT AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

**THIS POLICY**

The following has been added to item 5.:

*Your* purchase of this policy may allow *you* to purchase an excess and surplus lines policy from the *State Farm Companies*, subject to applicable eligibility rules.

Page 1 of 1
©, Copyright, State Farm Mutual Automobile Insurance Company, 2016          6126MT

## 6126MV AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **LIABILITY COVERAGE**

    **If Other Liability Coverage Applies**

    The following is added to item 2.:

    The Liability Coverage provided by this policy applies as primary coverage for the use of a motor vehicle loaned to *you* by a motor vehicle dealer while *your car* is being:

    1. transported;
    2. serviced;
    3. repaired; or
    4. inspected

    by that motor vehicle dealer. Such motor vehicle must be loaned to *you* without financial remuneration in the form of a fee, rental charge, or lease charge paid directly by *you*.

2. **PHYSICAL DAMAGE COVERAGES**

    **If Other Physical Damage Coverage or Similar Coverage Applies**

    The following is added to item 3.:

    The Comprehensive Coverage and the Collision Coverage provided by this policy apply as primary coverage for a *loss* to a motor vehicle loaned to *you* by a motor vehicle dealer while *your car* is being:

    1. transported;
    2. serviced;
    3. repaired; or
    4. inspected

    by that motor vehicle dealer. Such motor vehicle must be loaned to *you* without financial remuneration in the form of a fee, rental charge, or lease charge paid directly by *you*.

Page 1 of 1
©, Copyright, State Farm Mutual Automobile Insurance Company, 2016
6126MV



## 6938A.1 AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **THIS POLICY**

    The following is added:

    5. *Your* purchase of this policy may allow *you* to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the *State Farm Companies*, subject to their applicable eligibility rules.

2. **DEFINITIONS**

    a. *Serious injury* is changed by deleting item 1.c. and adding the following:

        4. An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a private passenger motor vehicle if that vehicle is described on a policy under which full tort rights were elected and that individual is:

            a. residing in the household of any individual identified by name as an insured under that policy; and
            b. either:
                (1) a spouse or other relative of any individual identified by name as an insured under that policy; or
                (2) a minor in the custody of either such named insured or relative of such named insured.

    b. *State Farm Companies* is changed to read:

        *State Farm Companies* means one or more of the following:

        1. State Farm Mutual Automobile Insurance Company;
        2. State Farm Fire and Casualty Company; and
        3. Subsidiaries or affiliates of either 1. or 2. above.

3. **LIABILITY COVERAGE**

    **Exclusions**

    a. Exclusion 2. is deleted.
    b. The exception to exclusion 8. is changed to read:

        This exclusion does not apply to:

        a. *you*;
        b. any *resident relative*; or
        c. any agent, employee, or business partner of a. or b. above

        while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

    c. The exception to exclusion 11. is changed to read:

        This exclusion does not apply to damage to a:

        a. motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

Page 1 of 2
©, Copyright, State Farm Mutual Automobile Insurance Company, 2008
6938A.1

Policy Number: 524 7289-A24-38A
Sheet 2 of 2

PLEASE ATTACH TO YOUR POLICY BOOKLET

0712402743
ED1

Policy Number: 524 7289-A24-38A

PLEASE ATTACH TO YOUR POLICY BOOKLET

    b. residence while rented to or leased to an *insured*; or

    c. private garage while rented to or leased to an *insured*.

4. **UNINSURED MOTOR VEHICLE COVERAGES**

   **Additional Definitions – Coverages U and U3**

   Item 2. under "*Uninsured Motor Vehicle* means a land motor vehicle:" is changed to read:

   2. the owner and driver of which remain unknown and which causes *bodily injury* to the *insured*.

5. **GENERAL TERMS**

   a. The following is added to 2. **Where Coverage Applies**:

   Liability Coverage, Medical Payments Coverage, Extraordinary Medical Payments Coverage, Loss of Income Coverage, Funeral Benefits Coverage, and Physical Damage Coverages also apply in Mexico within 50 miles of the United States of America border. A Physical Damage Coverage *loss* in Mexico is determined on the basis of cost at the nearest United States of America point.

   Death, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

   b. The following is added to 4. **Changes to This Policy**:

       d. **Change of Policy Address**

   *We* may change the named insured's policy address as shown on the Declarations Page and in *our* records to the most recent address provided to *us* by:

       (1) *you*; or

       (2) the United States Postal Service.

   c. 7. **Nonrenewal** is changed to read:

       7. **Nonrenewal**

   If *we* decide not to renew this policy:

       a. because a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period, then at least 15 days before the end of the current policy period; or

       b. for any other reason, then at least 60 days before the end of the current policy period

   *we* will mail or deliver a nonrenewal notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page. The mailing of the notice will be sufficient proof of notice.

   d. The first sentence of b. **How and When We May Cancel** of 8. **Cancellation** is changed to read:

   *We* may cancel this policy by mailing or delivering a written notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page.

   e. Item b. of 13. **Legal Action Against Us** is deleted.

Page 2 of 2
©, Copyright, State Farm Mutual Automobile Insurance Company, 2008

6938A.1

07124/02743